UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:10CV-47-R

**LEROY PARKER**                                                                                          **PLAINTIFF**

**v.**

**CRAIG Z. CLYMER** *et al.*                                                              **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff Leroy Parker filed a *pro se* complaint. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff brings his action under 42 U.S.C. §§ 1983, 1985(3), 1986; the Federal Tort Claims Act; and state law. As Defendants, he names the Commonwealth of Kentucky Department of Public Advocacy; the Commonwealth of Kentucky Department of Probation & Parole-McCracken County; the McCracken County Prosecutor's Office; the Commonwealth's Attorney's Office "represented by the Honorable Daniel Boaz, Esq."; the McCracken County Circuit Court "managed under the Honorable [Judge] Craig Z. Clymer"; and McCracken County "under the management and leadership of Judge[-Executive] Van Elliott Newberry."

Plaintiff reports that in July 26, 2000, he was sentenced to five years of imprisonment after being convicted on nine counts of criminal possession of a forged instrument in the second degree and of being a first degree persistent felony offender. At that time, restitution was not ordered. Plaintiff was released on parole in July 2002, and shortly thereafter, his parole officer

told him that he had gone to court and obtained a court order for him to pay restitution. The parole officer told Plaintiff to sign the necessary papers regarding restitution or his parole would be revoked. Plaintiff signed the papers.

When it was nearing the expiration of Plaintiff's parole term, which was in February 2007, Plaintiff alleges that his new parole officer forced him again to sign papers regarding restitution because he "'would not be getting off parole until he finished paying restitution.'" Then in January 2007, Plaintiff was jailed for a day for a parole violation for failing to urinate as part of a random drug screening given by his parole officer. Plaintiff advised that he was on dialysis and could not urinate at that time but would give blood. The parole officer advised, "'we don't do blood.'"

In August 2007, Plaintiff filed a Rule 60.02 motion in state court arguing that the order of restitution was void. The McCracken Circuit Court denied the motion, but on appeal, the Kentucky Court of Appeals entered an order reversing and remanding. On remand, the trial court granted the Rule 60.02 motion but denied the request for recovery of monies unlawfully paid. Following the decision, Amy Staples, Plaintiff's attorney of record appointed through the Department of Public Advocacy, informed Plaintiff that she would contact the local Paducah trial office and request that someone from that office argue a motion to vacate the void judgment. According to Plaintiff, Attorney Chris McNeil from the Department of Public Advocacy showed up. McNeil requested time to present evidence. Judge Clymer and the prosecutor agreed that it was not permitted but allowed McNeil to present evidence anyway. Although not clear, it appears that Judge Clymer denied the motion to vacate.

Plaintiff argues that Defendants, individually and jointly, conspired to violate his Fourth Amendment rights by issuing a court order and demanding Plaintiff to pay restitution. He also alleges violations of the First, Fifth and Fourteenth Amendments. Plaintiff further argues that the Department of Probation & Parole falsified records for the purpose of illegally arresting him; attempted to cover up the actions of the parole officer for the false arrest; and unlawfully confined him in the county jail. He finally claims that the Department of Public Advocacy misrepresented him by appointing a stand-in attorney of record and that Judge Clymer "[r]e-enforced an improper order to pay restitution."

As relief, Plaintiff seeks compensatory, punitive, nominal, general, and statutory damages.

## II.

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

# III.

**A.**    **42 U.S.C. § 1983**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

> *1. Kentucky Department of Probation & Parole, Department of Public Advocacy, McCracken County Circuit Court, McCracken County Prosecutor's Office, Commonwealth's Attorney's Office, and official-capacity claims against Clymer and Boaz*

The foregoing Defendants are either entities of or officials employed by the Commonwealth of Kentucky. A state, its agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Furthermore, official-capacity claims for damages against state officials and all claims against a state and its agencies or its arms of state are barred by the Eleventh Amendment to the United States Constitution. *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ("The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit.").

For these reasons, the official-capacity claims against Judge Clymer and Commonwealth's Attorney Boaz as well as all claims against the Department of Probation & Parole, the Department of Public Advocacy,[1] the McCracken County Circuit Court, the McCracken County Prosecutor's Office, and the Commonwealth's Attorney's Office will be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief.

### 2. *Individual-capacity claims against Judge Clymer and prosecutor Boaz*

To the extent Plaintiff may be seeking relief from these Defendants in their individual capacity, Defendants are immune from such relief. Judge Clymer is immune on the basis of absolute judicial immunity, *see Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997), and Commonwealth's Attorney Boaz is entitled to prosecutorial immunity. *See Van de Kamp v. Goldstein*, -- U.S. -- , 129 S. Ct. 855, 861 (2009); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Both immunities are complete bars to suit and are applicable in this action. Accordingly, any individual-capacity claims against Judge Clymer and prosecutor Boaz will be dismissed.

### 3. *McCracken County*

Plaintiff names McCracken County as a Defendant but adds that it is under the management and leadership of Judge-Executive Van Elliott Newberry. Thus, any official-capacity claims that Plaintiff may be attempting to assert against Newberry are actually claims

---

[1] While the Department of Public Advocacy is an independent agency of state government, *see* Ky. Rev. Stat. Ann. § 31.010, the Court, nevertheless, advises that it is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

against his employer, McCracken County. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008)

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

Plaintiff alleges that he has been harassed and/or assaulted by unidentified corrections officers and sheriff's officers on unspecified dates and under unspecified circumstances. A municipality, however, "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480 (1986)) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir.

2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any municipal officer acted pursuant to a municipal policy or custom in causing any alleged harm, and nothing in the complaint demonstrates that any municipal officer's actions or inaction occurred as a result of a policy or custom implemented or endorsed by McCracken County.

Consequently, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim against McCracken County and Judge-Executive Newberry in his official capacity.

### *4. Individual-capacity claims against Judge-Executive Newberry*

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendants with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). To state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which Plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). "It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings."

*Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (dismissing a complaint brought under § 1983).

Plaintiff alleges no facts involving Defendant Newberry. Accordingly, Plaintiff has failed to give that Defendant fair notice of his claims against him and the grounds upon which they rest. The Court will, therefore, dismiss the individual-capacity claims against Defendant Judge-Executive Newberry for failure to state a claim upon which relief may be granted.

**B.     42 U.S.C. § 1985(3)**

Plaintiff additionally claims that Defendants violated 42 U.S.C. § 1985(3). To prove a claim of conspiracy in violation of 42 U.S.C. § 1985(3), Plaintiff must prove: (1) a conspiracy of one or two or more persons: (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or the deprivation of any right or privilege of the United States. *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996); *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). Plaintiff must also show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). To state a claim for conspiracy under 42 U.S.C. § 1985(3), there must be specific factual allegations showing the existence of the conspiracy as well as allegations that the Defendants acted with the specific intent to deprive Plaintiff equal protection of the law. *Azar v. Conley*, 456 F.2d 1382, 1385 (6th Cir. 1972); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971).

Plaintiff does not allege that the conspiracy was motivated by any racial or other class-based animus. Thus, the complaint does not state a cause of action under § 1985(3), and that claim will be dismissed.

**C.     42 U.S.C. § 1986**

A cause of action under § 1986 is based on the violation of § 1985. *Bartell v. Lohiser*, 215 F.3d 550, 560 (6th Cir. 2000) (explaining that a "§ 1986 claim is derivative and conditioned on establishing a § 1985 violation"). As this Court has already concluded that there is no violation under § 1985, the § 1986 claim fails and must be dismissed.

**D.     Federal Tort Claims Act (FTCA)**

"Under the FTCA, the United States waives its sovereign immunity, and grants exclusive jurisdiction for

> civil actions on claims against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Mackey v. United States*, 247 F. App'x 641, 643-44 (6th Cir. 2007) (quoting 28 U.S.C. § 1346(b)(1)). Because Plaintiff sues only state and municipal Defendants (not any federal defendant), the FTCA does not apply here. *See Petty v. United States*, 80 F. App'x 986, 989 (6th Cir. 2003) ("As for the Detroit police officers who entered the Petty home, their actions cannot be the basis of liability under the FTCA because they are not federal employees."). Consequently, the FTCA claims will be dismissed for failure to state a claim upon which relief may be granted.

**E.     State-law claims**

Plaintiff alleges various state-law claims. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over

which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Having determined that all of the federal claims over which this Court has subject matter jurisdiction should be dismissed, this Court declines to exercise supplemental jurisdiction over the remaining state-law claims.  28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).  Consequently, the state-law claims will be dismissed without prejudice.

    For all of the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date:

cc:    Plaintiff, *pro se*
        Kentucky Attorney General
        Defendants Clymer, Newberry, and Boaz
4413.005